UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FORTUNET, INC. and MILLENIUM GAMES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:04-CV-1448-PMP-PAL |
| v. | ) ) | 2:04-CV-0556-PMP-PAL |
| MELANGE COMPUTER SERVICES and PLANET BINGO, LLC, | ) ) ) | O R D E R |
| Defendants. | ) ) | |
| AND RELATED COUNTERCLAIMS. | ) ) ) | |

Presently before the Court is Plaintiffs FortuNet, Inc. and Millenium Games, Inc.'s ("FortuNet") Motion to Review November 27, 2006 Bill of Costs (Doc. #203), filed on December 4, 2006. Defendant Planet Bingo, LLC ("Planet Bingo") filed an Opposition (Doc. #217) on December 22, 2006. FortuNet filed a Reply (Doc. #219) on January 2, 2007.

Also before the Court is Planet Bingo's Motion to Declare Case Exceptional and for Attorneys' Fees and Non-Taxable Costs Pursuant to 35 U.S.C. § 285 (Doc. #172) with supporting declaration (Doc. #173), filed on October 19, 2006. FortuNet filed an Opposition (Doc. #195) on November 17, 2006. Planet Bingo filed a Reply (Doc. #213) with supporting declaration (Doc. #214) on December 15, 2006.

///

///

**I. BACKGROUND**

Plaintiff FortuNet claims the legal rights to United States patent number 5,257,784 (the "'784" patent) and United States patent number 4,856,787 (the "'787" patent). On May 3, 2004, FortuNet brought suit in this Court alleging, among other things, that Defendants Planet Bingo and Melange Computer Services, Inc. infringed the '787 patent. (2:04-CV-00556-PMP-PAL, Compl. [Doc. #1].) On October 19, 2004, FortuNet brought a separate action in this Court alleging Defendant Planet Bingo's electronic gaming devices infringe the '784 patent. (2:04-CV-01448-PMP-PAL, Compl. [Doc. #1].)

After FortuNet filed the second case, Planet Bingo and FortuNet filed a joint motion pursuant to Federal Rule of Civil Procedure 42 to consolidate the cases because of the commonality of the plaintiff, defendant, and accused device. (Joint Mot. to Consolidate Cases [2:04-CV-00556-PMP-PAL, Doc. #35].) The parties jointly stated the "two cases will call for determination of many of the same or substantially identical questions of law and fact, and likely will entail substantial duplication of labor if heard by different judges." (Id.) The parties' request did not specifically indicate whether the parties desired consolidation for all purposes or only for limited purposes.

The Court granted the parties' request for consolidation. (Order [2:04-CV-00556-PMP-PAL, Doc. #37].) The Court's Order placed no limitations on the consolidation. FortuNet then moved to transfer the consolidated cases to the undersigned due to prior experience with the patents at issue. (Notice of Related Cases & Mot. to Transfer [2:04-CV-00556-PMP-PAL, Doc. #39].) The Court granted the motion and consolidated the two consolidated cases with another related case, 2:01-CV-01295-PMP-PAL. (Order [2:04-CV-01448-PMP-PAL, Doc. #11].) On June 15, 2005, the Court ordered that the present two cases remain consolidated with each other, but removed 2:01-CV-01295-PMP-PAL from the consolidated proceedings because that case had proceeded to final judgment. (Order [2:04-CV-01448-PMP-PAL, Doc. #13].)

In 2:04-CV-01448-PMP-PAL, the parties cross-moved for summary judgment, and the Court found in favor of Planet Bingo and against FortuNet on the issue of infringement. (Order [2:04-CV-01448-PMP-PAL, Doc. #162].) Planet Bingo subsequently moved to dismiss without prejudice its remaining counterclaims and the Court granted that motion. (Request for Dismissal Without Prejudice of Counts II, III, & IV of Planet Bingo's Countercl. in CV-S-04-1448-PMP (PAL) [2:04-CV-01448-PMP-PAL, Doc. #169]; Order [2:04-CV-01448-PMP-PAL, Doc. #170].) No further claims remain active in 2:04-CV-01448-PMP-PAL.

Based on the Court's October 5, 2006 Judgments in Planet Bingo's favor in 2:04-CV-01448-PMP-PAL, Planet Bingo filed a motion for attorneys' fees and a bill of costs in 2:04-CV-01448-PMP-PAL. FortuNet initially did not object to the Bill of Costs, although it now opposes both the bill of costs and the motion for attorneys' fees.

FortuNet argues the bill of costs and motion for attorneys' fees are premature because 2:04-CV-01448-PMP-PAL is not final. FortuNet argues it is not final because the consolidated case has not concluded and the Court has not certified a separate Judgment in 2:04-CV-01448-PMP-PAL under Federal Rule of Civil Procedure 54(b). FortuNet contends the Court cannot determine which party has prevailed for purposes of costs and fees until it resolves all claims in the consolidated cases.[1] Planet Bingo responds that even if 2:04-CV-01448-PMP-PAL is not final for purposes of appeal, it is final for purposes of costs and attorneys' fees.

**II. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate cases pending before it that involve common questions of law or fact. The United States Court of

---

[1] FortuNet also objects to Planet Bingo's use of settlement discussions in Planet Bingo's motion for attorneys' fees. Given the Court's resolution of this matter, the Court need not address FortuNet's motion to strike the settlement discussions at this time.

Appeals for the Ninth Circuit has described consolidation as follows:

> Consolidation as a term of legal procedure is generally used in three different contexts: (1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered.

Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir. 2002) (citations omitted). A district court's judgment disposing of one of two consolidated cases is not a final order for purposes of appeal unless the court enters a certification for separate judgment under Federal Rule of Civil Procedure 54(b). Huene v. United States, 743 F.2d 703, 705 (9th Cir. 1984). Accordingly, for appeal purposes, consolidated cases constitute a single action. However, for some other considerations, consolidated cases retain their separate character. See, e.g., Continental Airlines v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 n.1 (9th Cir. 1987) (for purposes of diversity jurisdiction, consolidation of cases does not make parties in one suit parties in another); In re U.S. Fin. Sec. Litig., 609 F.2d 411, 428 n.58 (9th Cir. 1979) (consolidation under Rule 42 cannot alter right to jury trial); Geddes v. United Fin. Group, 559 F.2d 557, 561 (9th Cir. 1977) (consolidation for purposes of discovery does not merge suits into single cause of action).

       The Ninth Circuit has not directly addressed whether consolidated cases are a single case or retain their separate character for determining who is a prevailing party entitled to fees and costs. However, one of its opinions suggests that once a case is formally consolidated, prevailing party status depends on the outcome of the consolidated cases as a whole. In United States v. Imperial Irrigation District, the Ninth Circuit ordered several appeals to be considered together. 595 F.2d 525, 531 (9th Cir. 1979). Following the Ninth Circuit's opinion in the appeals, one set of appellants who prevailed in their case submitted a bill of costs while a different set of appellants who prevailed in their separate case did not. Id. The appellants who did not submit a bill of costs explained they did not

do so "because they believed that these three cases had been consolidated for appeal and that therefore under Federal Rule of Appellate Procedure 39(a), a split decision had been rendered, and no party was entitled to costs because this Court did not order that costs be allowed." Id. The Ninth Circuit noted that it ordered the cases to be considered together on appeal, but did not "formally consolidate" the cases. Id. Because the Court did not formally consolidate the cases, "the parties should be allowed costs in the case in which they prevailed." Id. at 531-32. The Court permitted the appellants who had not filed a bill of costs to do so because the Court concluded its opinion which referred to the cases as "consolidated" had misled the appellants into not filing for costs. Id. at 532.

Here, the parties requested the two cases be consolidated without indicating any limitation to that consolidation and the Court granted the parties' request by formally consolidating the cases. These cases involve the same parties, overlapping issues of fact and law, and the same accused device. The parties have made arguments in one case referencing the other. For example, in Planet Bingo's motions for summary judgment and its motion for attorneys' fees, Planet Bingo argues FortuNet is acting inconsistently by treating MPBingo as one game for purposes of the '784 patent in 2:04-CV-01448-PMP-PAL while treating it as two games for purposes of the '787 patent in 2:04-CV-00556-PMP-PAL. The consolidation actions are a single suit and the individual cases have not retained their separate character. Because the cases are a single suit, the Court cannot determine who is a prevailing party until all aspects of the suit are concluded. Accordingly, Planet Bingo's bill of costs and motion for attorneys' fees are premature.

Further, the Court will deny Planet Bingo's request to certify judgment in 2:04-CV-01448-PMP-PAL under Rule 54(b). Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no

5

just reason for delay and upon an express direction for the entry of judgment." In making this determination, a district court first must determine that there is a final judgment. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). The court then must decide whether there is any just reason for delay. Id. at 8.

Whether to enter a Rule 54(b) certification lies within the district court's discretion, and should involve a weighing of judicial administrative interests and justice to the parties. Id. at 10. Among the factors a court should consider are whether the adjudicated claims are separable from the remaining claims, and whether entry of a separate judgment would require an appellate court to decide the same issues more than once on separate appeals. Id. at 8.

Rule 54(b) certification is not appropriate in 2:04-CV-01448-PMP-PAL. The claims in the completed case are not separable from the remaining claims because Planet Bingo has argued FortuNet is being inconsistent in its treatment of MPBingo with respect to the two patents in the two cases. Additionally, Planet Bingo asserts FortuNet filed the '784 patent infringement suit in retaliation for Planet Bingo filing counterclaims in the '787 patent suit and in an attempt to coerce Planet Bingo into selling its business to FortuNet. In the interests of judicial economy, these issues should be raised in a single appeal so the appellate court has a full understanding of both patents and all arguments the parties made with respect thereto.

As the parties explained in moving to consolidate this action in the first place, the cases involve the same plaintiff and defendant and the same accused device. Treating the case as a whole conserves resources and will require only one appellate panel to familiarize itself with MPBingo. The Court therefore will grant FortuNet's motion to review the bill of costs and will deny without prejudice Planet Bingo's bill of costs and motion for attorneys' fees.

///

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs FortuNet, Inc. and Millenium Games, Inc.'s Motion to Review November 27, 2006 Bill of Costs (Doc. #203) is hereby GRANTED.

IT IS FURTHER ORDERED that Planet Bingo's Motion to Declare Case Exceptional and for Attorneys' Fees and Non-Taxable Costs Pursuant to 35 U.S.C. § 285 (Doc. #172) and Bill of Costs (Doc. #175) are hereby DENIED without prejudice to renew.

IT IS FURTHER ORDERED that FortuNet's Motion to Strike Defendant Planet Bingo's Reference to Statements Made During Settlement Discussions Pursuant to FRE 408 (Doc. #194) is hereby DENIED without prejudice.

DATED: January 17, 2007

_____
PHILIP M. PRO
Chief United States District Judge